

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,210-07

### EX PARTE LARRY JOHNSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W09-00662-H(C)
### IN THE CRIMINAL DISTRICT COURT NO. 1 FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to sexual assault of a child and was sentenced to twenty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Johnson v. State*, No. 05-09-01033-CR (Tex. App. — Dallas, May 26, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective by failing to investigate and determine that the prior court-martial used against him was dismissed, having a financial conflict of interest, which caused him to coerce Applicant into pleading guilty, failing to call witnesses, failing to interview witnesses, failing to challenge an illegal search and seizure, failing to utilize a DNA report, failing to investigate and expose corruption in the police department, and failing to make a

meaningful attempt at a plea bargain. Applicant also alleges that the prosecutor may have withheld a favorable DNA report from the defense. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact as to whether there was a DNA report which would have been helpful to the defense, and if so, whether the prosecutor timely turned it over to the defense. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: September 16, 2020
Do not publish